## In the Court of Common Pleas of Schuylkill County.

COMMONWEALTH OF PENNA *v.* HENRY KEMERY, ET AL.

---

A summary conviction by a justice of the peace, the record of which is not in conformity with the Act of Assembly in such case made and provided will be reversed.

Certiorari.

Opinion delivered Sep. 28, 1874, by

GREEN, J. This is a summary proceeding under the Act of April 22, 1794, commonly called the Sunday law. The complaint on which

the warrant issued set forth that the prosecutor, on Sunday, the 9th of November, "saw and heard Henry Camory, should be Rufus, David Garavan, Daniel Benegrove, Gideon Benegrove, Frank Snyder and others trespassing on his land shooting off, and heard discharge of certain guns." The warrants directed the constable to bring the defendants before the justice, on the Saturday following at 2 p. m.  No return was made to the warrant and the record does not show that any of the defendants were brought or appeared before the justice, or that there was any notice to them, or that there was any hearing of the case, or that any witnesses were sworn.  Nothing appears except the following entry, without date, "complainant be mistaken in David Garavan, one of the defendants. Deft. sworn.  Justice decides complainant to pay David Garavan his day and mileage 80 cents, the said David Garavan not being guilty. Justice decides that Henry Camory, should be Rufus Camory, Daniel Benegrove, Gideon Benegrove, Frank Snyder, Lewis Kreamer, John Grainer and Henry Heilney have violated the Act of Assembly, therefore defendants pay a fine of 4.00 each and costs of suit."  No complaint had been made against the three latter by name, nor do they appear to have been arrested, nor is there anything to show that they were at any time present before the justice, or notified of any hearing.  It is evident a record so informal as this cannot stand.  Even though the 4th section of the Act of April 22, 1794, sets forth a form of conviction which may be followed, and which was evidently designed to dispense with the precision required in every case of summary conviction at the common law, the record in the present case does not pretend to conform to that very general form of conviction.  It does not give the day and year of the conviction, neither does it say of what offence they are convicted. It only says they have violated the Act of Assembly.  What act is not stated.  Nor what section of the Sunday law.  Nor does the record set forth as part of the judgment that in case of neglect or refusal to pay the fine, and the same cannot be levied by distress, the party convicted shall suffer six days' imprisonment in the house of correction of the proper county.

In the case of the Com. v. Nesbit, 10 Casey, 398, for a violation of the Sunday law, Lowrie, C. J., says: "It is still essential that a summary conviction shall contain a finding that a special act has been performed by the defendant, and that it shall describe or define it, in such a way, as to individuate it, and show that it falls within an unlawful class of acts.  Without this a judgment that the law has been violated goes for nothing."  In the present case the only finding is that the defendants have violated the Act of Assembly, without even pointing out which one.

The 1st and 2d sections of the Act of 22d April, 1794, alike prescribe a certain term of imprisonment, if the fine imposed on conviction is not paid, and it is decided in the case of the Com. ex. rel. Steward v. Irwin,

1 Penn'a. L. J. 408 "that in a summary conviction under the 2d section of 22d April, 1794, for profane swearing, the judgment must ascertain not only the amount of fine inflicted, but also the alternative duration of imprisonment, and if it does not, the proceedings are void, and the defendant cannot be held in prison.

It is not necessary to go further and show that a record of conviction which does not show that the parties were present and that there was a hearing is radically defective.

The present record lacks almost every ingredient that is required in a summary proceeding before a magistrate. The conviction is reversed.